By
the Court.*
According to the complainants allegation, the parties understood the purchase money to be, one thousand pounds, Virginia currency, to bear interest at six per cent, payable annually, with a credit of fifteen years for the payment of the principal sum. On the other hand it is affirmed by the defendant, that the price of the land, as intended and understood by him, was nineteen hundred pounds, Virginia currency, payable by instalments, according to the terms of the bond ; the condition of which, as far as it has any weight, in explaining the original transaction, gives countenance to this statement. If it be adopted, as the ground on which the case is to be decided, no doubt can be entertained, that the instalments bear interest from the time they respectively became due ; for being principal debts, and secured by specialty, such a consequence follows of course. But even if the complainant’s statement were assumed, as a true representation of the contract, and these instalments of sixty pounds considered the interest of the principal purchase money, still the authorities cited go a great length towards shewing that a court of Equity might justly sanction the re *236 covery of interest, upon a failure in payment according to the agreement of the parties. As a general rule, interest upon interest is not allowable. But, when the sum is ascertained, and the annual payment of it, forms a part of the contract ; where it is so specific, that an action of debt may be sustained, and interest recovered by way of damages for the detention and particularly, where the payment of a principal sum is postponed to a very distant period, upon the faith of a regular and punctual discharge of the interest, it ought in justice to be allowed. To such a case, the principle upon which interest is generally allowed seems to apply with strict propriety, viz. to supply the place of prompt payment and indemnify the creditor for his forbearance.
Injunction dissolved.

 Johnston, Macay and Taylor.